IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19–CV–00247–BR

ALL SEASONS RESTORATION, INC.     )
d/b/a SERVPRO OF MIDTOWN          )
MANHATTAN,                        )
                                  )
          Plaintiff,              )
     v.                           )          ORDER
                                  )
FRANK FORDE, JR. and EVOLVE       )
SNEADS FERRY, LLC,                )
                                  )
          Defendants.             )

    This matter is before the court on defendants' motion to dismiss, (DE # 11), and

plaintiff's motion for leave to file a second amended complaint, (DE # 15).  Both motions have

been fully briefed and are ripe for disposition.

## I.    BACKGROUND

    In September 2018, Hurricane Florence damaged defendants' apartment buildings in

Sneads Ferry, North Carolina.  (DE # 5, at 1.)  Plaintiff alleges it contracted with defendants to

perform disaster recovery services on the apartment buildings.  (Id. at 2.)  Plaintiff contends it

completed these services in November 2018 and submitted an invoice to defendants and

defendants' insurance carrier.  (Id.)  Plaintiff asserts it has not been paid for the services provided

to defendants.  (Id.)

    Plaintiff instituted this action on 19 December 2019 alleging breach of contract and, in

the alternative, *quantum meruit*.  (DE # 1.)  On 7 January 2020, plaintiff filed an amended

complaint, alleging the same claims but substituting defendant "Frank Evolvcos" with "Frank

Forde, Jr."  (See DE # 5, at 1.)  On 28 January 2020, defendants moved to dismiss plaintiff's

amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (DE #

11.)  Plaintiff timely filed a response in opposition to that motion, as well as a motion for leave

to file a second amended complaint on 21 February 2020.  (DE ## 17, 15.)

## II.    DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Fed.

R. Civ. P. 15.  This rule allows amendment once as a matter of course within 21 days after

serving the pleading, or "if the pleading is one to which a responsive pleading is required, 21

days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f), whichever

is earlier."  Fed. R. Civ. P. 15(a)(1)(A)−(B).  "In all other cases, a party may amend its pleading

only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

While the district court has "broad discretion concerning motions to amend pleadings,"

leave to amend should be freely given when justice so requires.  Booth v. Maryland, 337 F.

App'x 301, 312 (4th Cir. 2009); see also Fed. R. Civ. P. 15(a)(2).  "This liberal rule gives effect

to the federal policy in favor of resolving cases on their merits, rather than disposing of them on

technicalities."  Manuel v. Gembala, No. 7:10-CV-4-FL, 2011 U.S. Dist. LEXIS 94421, at *4

(E.D.N.C. July 27, 2011); see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.

1980).  Thus, "'[l]eave to amend should be denied only when the amendment would be

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or

amendment would be futile.'"  Van Leer v. Deutsche Bank Sec., Inc., 479 F. App'x 475, 479

(4th Cir. 2012) (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193

(4th Cir. 2009)).

Here, defendants contend plaintiff's proposed second amended complaint fails to cure

alleged pleading deficiencies and thus is futile.  (DE # 19, at 2.)  An amendment is futile if "it is

2

'clearly insufficient or frivolous on its face.'" Save Our Sound OBX, Inc. v. N.C. DOT, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." Id. (citation omitted). "A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; 'it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Manuel, 2011 U.S. Dist. LEXIS 94421, at *6 (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). Thus, "[u]nless a proposed amendment may be clearly seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision [of] whether to allow amendment." Davis, 615 F.2d at 613.

Defendants argue plaintiff's motion to amend should be denied because the document attached to plaintiff's proposed second amended complaint is not an enforceable contract. (DE # 19, at 3.) "Specifically, [defendants contend] that document fails to sufficiently identify the services to be performed by [p]laintiff and the compensation that would be paid by [d]efendants." (Id.) According to defendants, "[e]ven if [p]laintiff showed that it was indeed [p]laintiff that [d]efendants contracted with, without providing further proof of the parties' mutual assent to specific services to be provided by [p]laintiff and ascertainable compensation that would be paid by [d]efendant, the contract still fails for lack of definiteness." (Id. at 4.)

Plaintiff's proposed second amended complaint alleges "[d]efendants contracted with [p]laintiff to perform disaster-recovery services." (DE # 15-1, at 2.) In support of this contention, plaintiff provides a copy of the alleged contract and a series of emails. (See DE ## 15-2, 15-3, 15-4.) Plaintiff alleges that defendants knew plaintiff was the entity providing the requested services, because defendant Frank Forde Jr. directed the emails to Servpro franchisee "Servpro of Midtown Manhattan." (See DE # 15-1, at 2−3.) The proposed complaint describes

the services Servpro allegedly provided and contends the entity was not paid for those services. (Id. at 3.)  It also alleges, "[i]n the alternative, and in the event the Court or jury concludes that no express contract existed," plaintiff provided valuable services to defendants, (id. at 4), which defendants "knowingly and voluntarily accepted," for which plaintiff is entitled to be compensated, (id. at 5−6).  Finally, based on the described conduct of the parties, and also pled in the alternative, plaintiff alleges a claim for breach of implied-in-fact contract.  (Id. at 6.)

Plaintiff's proposed amended allegations regarding enforceability are not "'clearly insufficient or frivolous on [their] face,'" Save Our Sound, 914 F.3d at 228 (citation omitted); see also Suntrust Bank v. Dowdy, No. 5:08-CV-458-DAN, 2010 U.S. Dist. LEXIS 104462, at *14 (E.D.N.C. Sept. 30, 2010) ("Again, while SunTrust may ultimately prevail on its argument . . . .  The Court finds that the allegations . . . are not frivolous or legally deficient on their face and . . . are not futile."), nor is it "facially obvious that the proposed second amended complaint could not survive a motion to dismiss," Manuel, 2011 U.S. Dist. LEXIS 94421, at *11 n.5.  In light of the liberal standard of Rule 15(a) and the absence of prejudice or bad faith, plaintiff shall be allowed to amend its complaint.[1]  Id. at *10−11.  Defendants' motion to dismiss is therefore moot.  See Lucas v. Brake, No. 5:12-CV-735-FL, 2013 U.S. Dist. LEXIS 87605, at *8 (E.D.N.C. June 3, 2013) ("[I]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot." (citations omitted)).

## III.    CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file a second amended complaint, (DE # 15), is ALLOWED.  Plaintiff shall file its second amended complaint within 10

---

[1] "The grant of the motion, of course, does not prejudice a later motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)."  Manuel, 2011 U.S. Dist. LEXIS 94421, at *11 n.5.

days.  Defendants' motion to dismiss the first amended complaint, (DE # 11), is DENIED as moot.

This 4 May 2020.

_____

W. Earl Britt
Senior U.S. District Judge